# EXHIBIT 1

## SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES
## AND ATTENTIVE ENERGY, LLC

This Settlement Agreement ("Agreement") is entered into as of this 23rd day of March, 2026 by and between the United States, acting through the United States Department of the Interior ("DOI") and Attentive Energy, LLC ("Attentive") (collectively, the "Parties").

**WHEREAS,** in February 2022, DOI, acting through the Bureau of Ocean Energy Management ("BOEM"), held a lease sale under 43 U.S.C. § 1337(p) of the Outer Continental Shelf Lands Act ("OCSLA") for offshore wind energy development in the New York Bight lease area;

**WHEREAS,** the winning bidder for Lease No. OCS-A 0538 was Attentive;

**WHEREAS,** Attentive successfully bid a $795,000,000 bonus bid for Lease No. OCS-A 0538 and deposited that amount into the United States Treasury, through DOI's Office of Natural Resources Revenue ("ONRR");

**WHEREAS,** BOEM fully executed Lease No. OCS-A 0538 with Attentive with an effective date of May 1, 2022;

**WHEREAS,** Attentive is currently owned by TotalEnergies OFW US, LLC (55.9%), Corio OSW Investments, LLC (27.67%) and Queensboro OSW01 Holdings, LLC (an assignee of Rise Light & Power) (16.34%);

**WHEREAS,** BOEM and Attentive later amended Lease No. OCS-A 0538 on January 16, 2025;

**WHEREAS,** no construction activities have been undertaken on Lease No. OCS-A 0538, but Attentive has incurred approximately $498,000,000 to develop Lease No. OCS-A 0538;

**WHEREAS,** Attentive currently owns Lease No. OCS-A 0538;

**WHEREAS,** Attentive forgoes the five-year suspension period set forth in 43 U.S.C. §

1334(a)(2)(B) and requests that Lease No. OCS-A 0538 be cancelled in accordance with the terms in this Agreement;

**WHEREAS,** the Department of War has raised classified national security concerns about development of this lease that were not known to BOEM at the time of lease issuance and that would have prevented the lease issuance if they had been considered;

**WHEREAS,** if this offshore wind project would have continued, BOEM would have issued to Attentive an order to suspend construction and operations of this project indefinitely due to national security issues, similar to the suspension order issued by BOEM to five other offshore wind projects on December 22, 2025;

**WHEREAS,** Attentive would have claimed breach of contract in the event that such a suspension order was received and filed suit in the United States Court of Federal Claims;

**WHEREAS,** DOI has determined that cancelling Lease No. OCS-A 0538 is in the public interest because it will bring certainty to the status of Lease No. OCS-A 0538 and assist in preventing a national security threat;

**WHEREAS,** the Parties desire to set forth the terms of their Agreement in writing.

**NOW THEREFORE,** in consideration of the mutual agreements, covenants, representations, warranties and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. The Parties agree to the following definitions for the purposes of this agreement:

   A. The "United States of America" and/or "United States" shall be inclusive of DOI, BOEM, ONRR, and including any and all agencies, officers, and employees of DOI.

   B. "Affiliate" means any entity (including without limitation any corporation,

company, partnership, limited liability company or group) that directly or indirectly through one or more intermediaries is controlled by TotalEnergies SE ("Affiliates" of TotalEnergies SE and TotalEnergies SE are hereinafter referred to collectively as "Total").

C.      "Eligible Expenditures" means all and any amounts expended by Total or any of its Affiliates for the development of Conventional Energy Projects in the United States, either through the direct payment of capital expenditures ("CAPEX") or through an equity contribution made for the benefit of an entity, pursuant to a cash call, such entity thereafter applying the funds toward the development of a Conventional Energy Project in the United States.

For illustration purposes, the United States and Total agree that amounts paid by the US Affiliate of Total in Rio Grande LNG Intermediate Holdings (in which such Affiliate owns a 16.7% equity interest), pursuant to an equity cash call made by such company, which will use those funds to build a 17.5 Mt LNG plant, qualify as Eligible Expenditures.

D.      "Conventional Energy Projects" means any investment in (i) oil & gas production, gathering, transportation, processing, storage or refining, (ii) liquefied natural gas, (iii) generation or transmission of non-renewable based electricity (including for the sake of clarity CCGTs), (iv) tank farms and, (v) any related infrastructures to (i) – (iv).

2.      Total agrees to make Eligible Expenditures in the amount of $795,000,000 on Conventional Energy Projects within the United States between November 18, 2025 and September 30, 2026. Any Eligible Expenditures counted under this Agreement will not count towards Eligible Expenditures in the Agreement for Lease No. OCS-A 0545.

3.    Once Total has provided an unqualified accounting audit report by a third party and any supporting documentation (in the form of bank statements, filings or any other valid proof) to the Assistant Secretary – Policy, Management, and Budget verifying that it has made Eligible Expenditures that satisfy the condition in Paragraph 2, then DOI agrees to cancel Lease No. OCS-A 0538 ("Effective Date"). Total will maintain all documentation relating to Eligible Expenditures for a period of three years during which DOI will have the right to request that documentation.

4.    Within five business days of the Effective Date of this Agreement, DOI will inform ONRR that Lease No. OCS-A 0538 has been cancelled.

5.    Within five business days of the Effective Date of this Agreement, DOI will submit a request for payment in the amount of $795,000,000 to the Judgment Fund Branch at the United States Department of the Treasury's Bureau of the Fiscal Service.

6.    DOI will reinstate Lease No. OCS-A 0538 at the request of Attentive if the settlement amount of $795,000,000 has not been disbursed by the Judgment Fund Branch at the United States Department of the Treasury's Bureau of the Fiscal Service within a reasonable time after submission of the request for payment set forth in Paragraph 5.

7.    Covenant Not to Sue.  Except as necessary to enforce this Agreement, and unless set forth otherwise in this Agreement, the Parties agree that they will not bring, commence, institute, prosecute, or maintain any action at law, proceeding in equity, or any other claims for damages or any other relief whatsoever that relates to, arises from, or is based, in whole or in part, on Lease No. OCS-A 0538.

8.    Release and Discharge.  Upon the Effective Date, in exchange for the consideration provided herein, Attentive and its owners hereby release and discharge the United States of America from any and all claims, causes of action, liability, and damages, whether known or unknown, of any nature or type, that Attentive and its owners have or may have against the United

States of America arising out of or in relation to Lease No. OCS-A 0538.

9.        No Admissions.  Except as otherwise expressly stated herein, nothing in this Agreement constitutes an admission of any fact, or an admission of any liability, by the Parties.

10.        Public Disclosure.  The Parties consent to the disclosure of this Agreement to the public.

11.        Voluntary Agreement/ Advice of Counsel.  The Parties agree and declare that they have voluntarily agreed to this Agreement of their own free will and accord, acting upon their own volition, and after consulting with their legal counsel and advisors and without any degree of duress or compulsion.

12.        Legal Fees.  The Parties will bear their own legal fees and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

13.        Disclaimer of Reliance.  Except as contained in this Agreement, the Parties expressly disclaim reliance upon any facts, promises, undertakings or representations made by any other Party, any other Party's representative, or any other Party's attorney in the execution of this Agreement.

14.        Consideration.  The Parties acknowledge that the provisions of this Agreement provide mutually sufficient consideration for this Agreement and its enforcement.

15.        Binding Effect.  This Agreement is binding on each Party and their successors, transferees, heirs, and assigns.

16.        Entire Agreement/Merger and Modification.  This Agreement constitutes the complete agreement between the Parties, and supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions among the Parties, whether oral or written, with respect to Lease No. OCS-A 0538. This Agreement may not be amended or rescinded except by mutual written consent of all the Parties.

17.     No Third-Party Beneficiaries.  This Agreement is intended to be for the benefit of the Parties only. Except for Total and as otherwise expressly stated herein, this Agreement is not intended to confer upon any person who is not a Party hereto any rights or remedies hereunder, and no person other than the Parties hereto is entitled to rely on any representation, covenant, or agreement contained herein.

18.     Laws, Jurisdiction, & Venue.  This Agreement is governed by the laws of the United States. For purposes of construing this Agreement, this Agreement is deemed to have been drafted by both Parties to this Agreement and is not, therefore, to be construed against any Party for that reason in any subsequent dispute.  The Parties agree that this Agreement is not judicially reviewable, except for instances of fraud or misrepresentation by Attentive or its owners.  This Agreement has no precedential value and is not admissible in any proceeding other than a proceeding related to fraud or misrepresentation by Attentive or its owners.

19.     Enforceability.  This Agreement must be signed by each and every Party to be enforceable against any Party.  This Agreement is effective on the date of signature of the last signatory to the Agreement.

20.     No Admission of Liability.  The United States specifically denies any liability related to Lease No. OCS-A 0538.  Further, Attentive and its owners agree that no liability or damages are attributable to the United States as the result of Lease No. OCS-A 0538, this Agreement, and/or the actions taken by the United States pursuant to this Agreement (except in connection with the enforcement of the obligations of the United States under this Agreement). This Agreement is being made purely upon a cooperative basis by the Parties to address certain matters identified hereto, and this Agreement, and/or any performance under this Agreement pursuant hereto, is not allowed to be used as evidence of liability of any of the Parties in any suit or suits, claims, causes of action, or in any public comment whatsoever, except as necessary to

enforce this Agreement.

21.    Authority. The undersigned represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

22.    Non-Appropriation.  Nothing in this Agreement may be construed to commit a federal agency or official to expend funds not appropriated by Congress.  Nothing in this Agreement may be interpreted as a commitment or requirement that DOI obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

23.    Counterpart Execution. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

24.    Fulfillment. This Agreement will be considered fulfilled when Lease No. OCS-A 0538 has been cancelled and the United States has paid $795,000,000 to Attentive or its designee(s) under this Agreement.

[Signature page follows.]

UNITED STATES DEPARTMENT OF
THE INTERIOR

Doug Burgum
Secretary of the Interior

Date: March 23, 2026


ATTENTIVE ENERGY, LLC

Patrick POUYANNE
Attorney-in-fact for Attentive Energy, LLC


Date: 3/23/2026